THOMAS M. FULKERSON (TX SBN 07513500)
(Admitted *Pro Hac Vice*)
Email: tfulkerson@fulkersonlotz.com
WESLEY G. LOTZ (TX SBN 24046314)
(Admitted *Pro Hac Vice*)
Email: wlotz@fulkersonlotz.com
Fulkerson Lotz LLP
700 Louisiana Street, Suite 4700
Houston, Texas 77002-2773
Telephone: (713) 654-5800
Facsimile: (713) 654-5801

CHAD S. HUMMEL (CA SBN 139055)
E-mail: chummel@manatt.com
EMIL PETROSSIAN (CA SBN 264222)
E-mail: epetrossian@manatt.com
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Plaintiff*
GYRODATA INCORPORATED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GYRODATA INCORPORATED,<br><br>                Plaintiff,<br><br>        vs.<br><br>ATLANTIC INERTIAL SYSTEMS INC., a California and Delaware corporation; BAE SYSTEMS, INC., a Delaware corporation; BAE SYSTEMS CONTROLS INC., a Delaware corporation; BAE SYSTEMS INFORMATION AND ELECTRONIC SYSTEMS INTEGRATION INC., a Delaware corporation; and DOES 1-10,<br><br>                Defendants. | Case No. CV 08-7897-GHK (FMOx)<br><br>**GYRODATA'S MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE MSJ ORDER AND STRIKE DEFENDANTS' OBJECTIONS AND SUMMARY JUDGMENT BRIEFING VIOLATIONS**<br><br>Judge:       Hon. George H. King<br>Courtroom:  650<br>Hearing Date:  July 2, 2012<br>Hearing Time:  9:30 a.m.<br><br>Second Amended Complaint filed: October 30, 2009 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### GYRODATA'S MOTIONS AND REPLIES

## I.

### Summary

The BAE Systems Defendants and Defendant Atlantic Inertial Systems, Inc. committed at least three separate violations of the Court's Order Re: Motion for Summary Judgment filing ("the MSJ Order"):  (1) they filed 30 pages of separate evidentiary objections prohibited by paragraph 8 of the MSJ Order; (2) used expansive footnoting to grant themselves a nearly four page extension; and (3) made substantial and ongoing changes in moving papers after agreeing that they were to be fixed and final, thus violating the Order to cooperate in the MSJ process. ECF #432-435.

This Court gave all parties notice of the MSJ Order early in this case.  The Court followed the MSJ Order by a specific order allowing each side 30 pages and warned that circumvention of page limits or failure to cooperate would cause the motions to be stricken and denied.  ECF No. 423.  Gyrodata asks that the Court enforce the MSJ Order by:  (1) striking the additional evidentiary objections; (2) striking the Defendants' footnotes in their entirety and disregarding arguments contained in them; and (3) striking the BAE Systems Defendants' Motions 3, and 7-9, due to last minute changes affecting Gyrodata's ability to respond.  If the Court elects not to strike the extra objections, then Gyrodata asks that the Court consider Gyrodata's specific responses filed contemporaneously with this Motion.

## II.

### Gyrodata's Motions to Strike

**A.    Improper Evidentiary Objections.**  The MSJ Order could not be clearer:  "EVIDENTIARY OBJECTIONS:  _All_ necessary evidentiary objections shall be made in the relevant section(s) of the joint brief."  ECF #72 at ¶8 (emphasis added).  The parties were granted leave to file summary judgment motions "in compliance with our previous Order Re: Motions for Summary Judgment (MSJ

1

Order).  ECF # 423.  The purpose of these Orders is self-evident—to ensure that: (1) the Court is apprised of serious evidentiary objections that might impact the summary judgment decision; (2) the parties receive equal opportunity to brief their positions; and (3) the parties exchange objections early in the briefing process to avoid correctable evidentiary issues so that motions for summary judgment are considered on the merits, rather than on surprise objections.

Defendants have attempted to circumvent the page limits of 30 pages per side by filing separate evidentiary objections not contained in the relevant section of the Joint Brief.  The Objections consist of nearly 30.5 pages of additional briefing. Even worse, the Objections were filed unannounced and with no prior conference, at 11:55 – 11:59 p.m. on the day of filing.  The objections are purportedly captioned as a motion to strike, even though no Rule 7-3 conference was ever held.  None of the separately-filed objections were disclosed in the prior exchanges of briefing by the Parties.  As a result, Gyrodata had no opportunity to respond to the objections or to correct or replace declarations with other supporting testimony and evidence. The last-minute filing was calculated to prevent Gyrodata from locating, proving up and attaching replacement evidence in those instances where an objection had been raised.  Moreover, Gyrodata would be prejudiced if the Defendants are permitted to file separate evidentiary objections in violation of the MSJ Order, while Gyrodata is limited to the objections made in the relevant sections of the Joint Brief.

Subject to and without waiving this Motion to Strike, Gyrodata files its Responses to the Objections raised by Defendants.  The Objections are utterly without merit and in most cases are either meaningless "form" objections or outright misrepresentations of Gyrodata's disclosures in this case.  Gyrodata's individual responses are organized in the same tabular manner as the objections so side-by-side comparison of objection and response can be undertaken, if desired.

The Defendants' violations of the Court's MSJ Order are not limited to the objections.  There are at least two other instances where the Defendants flagrantly

2

violated the Court's MSJ Orders and the parties' agreements regarding preparation of the Joint Brief.

**B.    Abusive footnote usage.**    The pre-filing exchange of the parties established deadlines by which the Parties were to drop potential motions for summary judgment in order to comply with page limits.  Gyrodata dropped three of its proposed motions but Defendants, particularly the BAE Defendants, elected not to drop any of the nine motions for summary judgment they had originally given notice they might file.  Rather than making difficult choices (as Gyrodata did), the Defendants elected to cheat by moving the text of their motions into 33 footnotes (7-1/2 pages double-spaced) to gain a nearly four-page extension.  (EA 503, pp. 8782-90.)  BAE is a repeat offender of this specific practice, having issued single spaced briefing to Magistrate Judge Olguin in an attempt to circumvent page limits and having that briefing stricken.  (EA 504, pp. 8791-94.)

Gyrodata asks that the Court remove any advantage Defendants obtained by violating the MSJ Order.  This can occur either by striking the footnotes and ignoring any arguments raised in them, or alternatively by enforcing the actual page limits and striking all arguments or motion appearing within the last four (self-augmented) pages of the BAE Defendant's briefing.

**C.    Changing moving papers after final exchange deadlines.**  Both the MSJ Order and the Reminder Order advised the parties to cooperate in the preparation and presentation of the Joint Brief.  In that vein, the parties held an initial meet and confer in early March 2012, and another in-person meet and confer on April 11, 2012.  As a result of the meet and confer process, the parties agreed to exchange <u>draft</u> motions and responses on March 12th and April 9th, **final** moving papers on April 19th, and **final** oppositions on April 25th.  (EA 505, pp. 8795-00; EA 506, pp. 8801-06; EA 507, pp. 8807-18.)

On April 25th, however, both Defendants made hundreds of unannounced changes in their <u>affirmative</u> moving papers: adding new arguments, legal citations,

and evidence, even though final affirmative motions were due on April 19th. (EA 508, pp. 8819-66.) Plaintiff objected to the Defendants' late and unannounced changes in the moving papers (which were made unannounced after Gyrodata submitted its final opposition papers). AIS made changes to bring its briefing back into compliance, but BAE continued to add new evidence that had not been cited in its final moving papers up to and including the day of filing, making its affirmative motions a moving target. *Id.*; (EA 509, pp. 8867-07).

Gyrodata moved succinctly, and as part of the Joint Brief,[1] that BAE's Motions 3, and 7-9, be stricken and continues to believe this remedy is appropriate. ECF No. 423. After the Joint Brief was filed, the BAE Defendants' claimed that the changes mostly involve the last-minute addition of evidence rather than new argument. In other words, after being caught with their hand in the cookie jar, BAE claims it withdrew most of the new legal argument, but admits it added new evidence that was not cited in the body of BAE's April 19 final moving papers. It is frankly impossible at this stage to unscramble the egg the BAE Defendants have created. The problem with this proof, aside from the inability to verify with certainty whether *nineteen pages* of changes are all without meaning as the BAE Defendants now contend (if so, why make the changes), is that the mere process of ongoing change during the last critical moments of brief preparation diverted Gyrodata's attention, energy and focus.

Even if every scrap of evidence BAE added on the day the Joint Brief was due could theoretically be found somewhere in the voluminous statement of facts, BAE's last-minute additions of evidence are not insignificant. The evidence is at the core of a motion for summary judgment. Allowing BAE to change the proof identified in its final moving papers after Gyrodata prepared its final opposition papers would nullify months of work in the briefing process and require countless

---

[1] Gyrodata replaces the objection stated at page 61 of the Joint Brief with this more detailed statement of the violation by the BAE Defendants.

1   hours of additional work.  The practical effect of BAE's last minute changes to its

2   affirmative motions, which continued throughout the weekend and the day of filing,

3   is that Gyrodata was unable to prepare its opposition with full disclosure of all of

4   the evidence BAE cited as support for Motions 3 and 7-9.  As a result, Gyrodata

5   had no meaningful opportunity to review the added evidence, cite additional

6   evidence of its own to rebut any last-minute evidentiary changes that were not

7   disclosed in the final 4/19 brief, or prepare objections to the late-added evidence.

8   The Court would be well within its rights simply to strike the Defendants' briefing

9   for a failure to follow the MSJ Order and Order directing the parties to cooperate in

10  the briefing process.  If the court denies the BAE Defendants' Motions 3 and 7-9,

11  the issue will be moot.  At a minimum, if the Court elects not to strike BAE's

12  Motions, Gyrodata requests that to the extent any part of the Court's rulings may

13  have been based on a late added piece of proof, that Gyrodata be permitted to fully

14  respond as it might have, had the BAE Defendants followed the deadlines to which

15  they committed.

16                                    **III.**

17                   **Reply to Defendants' Responses**

18          During the meet and confer process, AIS and the BAE Defendants identified

19  several diversionary arguments that they intend to raise in separately filed

20  responses.  Gyrodata will address them sequentially.

21          **A.   The AIS Response.**  AIS claims that Rule 56 of the Federal Rules of

22  Civil Procedure permits it to make whatever evidentiary objections it pleases

23  without regard to this Court's Order.  In addition, per AIS, compliance with the

24  Court's Order was just "too hard" because Gyrodata filed detailed, lengthy

25  declarations in opposition to summary judgment.  Finally, it argues that since it

26  mentioned the objections generically in its motion, it was entitled to expand them

27  by 30 pages in a separate document.  None of these arguments have merit.

28          Rule 56 contains no provision permitting a party to make unlimited

                                        5

objections regardless of Court rules governing the filing of motions for summary judgment. Rule 56(c)(2) merely recites that a party "may" object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible into evidence." It neither permits unlimited objection nor curbs the district court's ability to apply rules of reason such as page limits. The district courts have long been empowered to adopt rules describing the manner by which parties are to exercise the rights set out in the Federal Rules of Civil Procedure. L.R. 1-1; *See, e.g. Aspenlind v. Spartan Mortg. Services*, Civ. No. S-11-00366 MCE GGH, 2011 WL 3490480, at *2 (N.D. Cal. August 9, 2011). Were it otherwise, parties would do what Defendants have done here—make up their own rules and force District Courts to pick up the pieces.

There is nothing truly unusual about this case that would suggest that Defendants cannot comply with this Court's rules. This Court has disposed of thousands of cases utilizing these rules, including complicated patent matters and securities fraud disputes involving far more complicated and extensive declarations than those filed by Gyrodata here. *See, e.g. Brown v. Brewer,* CV-06-3731 GHK(SH). Each of those litigants complied with the Court's Order, and with adequate planning Defendants could have done so as well. Before complaining that Gyrodata's declarations were "too long," Defendants might have been well served to consider the advisability of filing *ten* marginal summary judgment motions that required extensive response. Finally, Defendants cannot simply rely upon self-help. Even if Defendants truly felt that they could not comply with the Court's Rule Re: Summary Judgment, they should have filed an appropriate motion with the Court asking permission to make separate evidentiary objections, not violate the standing rule as though it were a matter of right.

AIS' argument that the inclusion of generic objections to declarations as a whole in their brief entitles them to 30 pages of separate objections is just nonsense. First, it is patently untrue—the motions contain objections that are different and

more narrow in substance than those found in the separate objections.   Second, when the Court recited that "*All* necessary evidentiary objections shall be made in the relevant section(s) of the joint brief" it really meant "all."   "All" **2**: every member or individual component of <all men will go>." Merriam Webster Online Dictionary.[2]   By compelling Parties to place all evidentiary objections in the brief, MSJ Order forces Parties to focus on serious and incurable evidentiary issues (such as for example *Daubert* challenges leading to no evidence points) rather than blathering forth repeated form objections.

   **B.**   **The BAE Defendants' Objections.**   In the meet and confer process the BAE Defendants have not directly addressed their transgressions with regard to improperly-filed objections.   Indeed it would be difficult for them to do so, since in the meet and confer preceding the filing of the Joint Brief, the BAE Defendants' counsel insisted that *all evidentiary objections be made in the joint brief, but then proceeded to violate the rule they announced and clearly understood:*

> **MR. BENAUR**: I had one other issue.  This whole issue of evidentiary objections, so the order says that all necessary evidentiary objections shall be made in the relevant sections of the joint brief.  Presently the way I've seen it done is it's primarily done in the statement of uncontested facts.   I think this is an important point because, you know, for example you guys make an issue out of these negotiations, you think it's 408 … What I would suggest is if we're going to go there, whether it's 408, piercing, hearsay on the Bonsick declaration or anything else, that we brief it.

> **MS. HENIFIN**: It has to be in the brief and then we'll know we have to oppose in the brief.  But it can't just be raised in the evidentiary appendix because the court has said we will not take account of anything that's addressed in the evidentiary appendix.

Ex. B at 77:15–78:19 (April 11, 2012 meet and confer excerpt).

Rather, BAE attempted to use the meet and confer process as a diversion to argue non-responsive points—and give excuses for their previous transgressions.   They

---

[2] http://www.merriam-webster.com/dictionary/all

**GYRODATA'S MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE MSJ ORDER AND STRIKE DEFENDANTS' OBJECTIONS AND SUMMARY JUDGMENT BRIEFING VIOLATIONS**

accomplish this result by making an offer during the meet and confer phase and then arguing that had Gyrodata accepted their "very reasonable" offer this Motion could have been avoided.  The BAE Defendants committed three violations of the Order Re: Summary Judgment: (1) they used footnotes to expand their page count by almost four pages; (2) they reached an agreed briefing schedule per the Court's obligation to cooperate then breached it; and (3) filed 30 pages worth of evidentiary objections.  BAE's "*very reasonable*" offer was that Gyrodata would ignore the first two violations and it would withdraw the third (evidentiary objections). (Gyrodata reviewed the materials submitted by the BAE Defendants and offered to accept a compromise resolving issues 2 and 3, but AIS was unwilling to do so.) The result is that the BAE Defendants' position is a patent effort to draw attention away from the third violation.

Gyrodata raised the first two violations contemporaneously in the joint brief and stands on that briefing.  The BAE Defendants dismissed the arguments as frivolous, but appear to now be uncomfortable with that position, and appear intent on using the response to this Motion to re-brief the matter.  To the extent that the Court is willing to entertain additional briefing on violation #2, rather than this Motion, Gyrodata responds as follows:

1.   Gyrodata met the agreed schedule.  Gyrodata's changes to its *moving* papers were made before April 19th.  Afterwards the only changes made by Gyrodata were the substitution of final Evidentiary Appendix references to the declarations, brief text, and statement of uncontested facts.  Declaration of Kimberly Lewis.  Ex. A.  Significant changes in the response to motions for summary judgment between the "draft" (April 19th) and "final" (April 25th) stages were made as permitted by the Parties' agreement.  Gyrodata makes no complaint about the Defendants' changes to their responsive papers during this period;

1      rather, Gyrodata's complaint is directed to changes in the *moving*
2      *papers* after they were required to be final.

3      2.      Gyrodata's complaint was prompt.  The violation occurred on April
4              25, 2012, late in the evening, and Gyrodata advised both Defendants of
5              the violation the next morning, setting a meet and confer that
6              afternoon.  In the next few days Gyrodata repeatedly brought the
7              matter to the BAE Defendants' attention and advised them that if they
8              refused to comply it would move to strike its moving papers.  While
9              AIS brought its brief back into compliance and Gyrodata withdrew the
10             motion to strike as to them, the BAE Defendants did not.

11     3.      Gyrodata did not object to elimination of text by the BAE Defendants
12             to comply with page limits so long as the footnote rules were followed,
13             or to the renumbering of exhibits as long as the evidence was
14             previously cited directly in the final moving papers due on April 19th.

15     4.      Defendants' arguments that they made no substantive changes are
16             impossible to document and miss the point.  A manual compare-write
17             contrast of the April 25th moving papers, and those filed by the BAE
18             Defendants on April 30th shows nineteen pages of changes.  The BAE
19             Defendants claim that no new arguments, authorities or evidence were
20             mustered, but rather the data was simply re-numbered and shrunk to
21             meet page limits.  Yet, the BAE Defendants' own papers illustrate
22             dozens of instances in which evidence not cited in BAE's final April
23             19th moving papers was added to the Brief.  Had this been done on a
24             timely basis, Gyrodata's response might well have been different.
25             Second, each side obtained an agreement that the moving papers
26             would be final as of April 19th to ensure that they were not responding
27             to a moving target.  Allowing the BAE Defendants' additional
28             arguments and refocused proof during this period: (1) deprived

9

1     Gyrodata of any meaningful ability to respond (or object) to new

2     arguments and proof; and (2) required Gyrodata to spend scarce pre-

3     filing time policing the BAE Defendants' violations.  The result is that

4     the Joint Brief contains redirected proof and argument by BAE to

5     which Gyrodata has had no meaningful ability to reply.

6     **IV**

7     **Relief Requested**

8     First, Gyrodata requests that the additional Evidentiary Objections outside

9 the briefing be stricken.  Alternatively, it moves the Court to consider its responses

10 and overrule the objections because they are meritless.  Second, Gyrodata moves

11 that the footnotes contained in Defendants' briefing be stricken and ignored, or that

12 alternatively the last 3.75 pages (the self-awarded extension) be stricken and

13 disregarded.  Third, Gyrodata requests that BAE Defendants' Motions 3, and 7-9 be

14 stricken from the Joint Brief.  Gyrodata requests all other and further relief to which

15 it may be entitled.

16 Dated:  June 4, 2012.          FULKERSON LOTZ LLP

17

18

19     By: _____

20                 Thomas M. Fulkerson

                  Wesley G. Lotz

21               *Attorneys for Plaintiff*

              GYRODATA INCORPORATED

22 GYR60.019  86054

23

24

25

26

27

28

10

# EXHIBIT A

EXHIBIT
*A*

THOMAS M. FULKERSON (TX SBN 07513500)
(Admitted *Pro Hac Vice*)
Email: tfulkerson@fulkersonlotz.com
WESLEY G. LOTZ (TX SBN 24046314)
(Admitted *Pro Hac Vice*)
Email: wlotz@fulkersonlotz.com
Fulkerson Lotz LLP
700 Louisiana Street, Suite 4700
Houston, Texas 77002-2773
Telephone: (713) 654-5800
Facsimile: (713) 654-5801

CHAD S. HUMMEL (CA SBN 139055)
E-mail: chummel@manatt.com
EMIL PETROSSIAN (CA SBN 264222)
E-mail: epetrossian@manatt.com
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Plaintiff*
GYRODATA INCORPORATED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GYRODATA INCORPORATED, | Case No. CV 08-7897-GHK (FMOx) |
| Plaintiff, | **DECLARATION OF KIMBERLY LEWIS IN SUPPORT OF GYRODATA'S MOTION TO ENFORCE MSJ ORDER AND STRIKE DEFENDANTS' OBJECTIONS AND SUMMARY JUDGMENT BRIEFING VIOLATIONS** |
| vs. | |
| ATLANTIC INERTIAL SYSTEMS INC., a California and Delaware corporation; BAE SYSTEMS, INC., a Delaware corporation; BAE SYSTEMS CONTROLS INC., a Delaware corporation; BAE SYSTEMS INFORMATION AND ELECTRONIC SYSTEMS INTEGRATION; and DOES 1-10, a Delaware corporation; | Judge: Hon. George H. King<br>Courtroom: 650<br>Hearing Date: July 2, 2012<br>Hearing Time: 9:30 a.m. |
| Defendants. | Second Amended Complaint filed: October 30, 2009 |

---

1

DECLARATION OF KIMBERLY LEWIS IN SUPPORT OF GYRODATA'S MOTION TO ENFORCE MSJ ORDER AND STRIKE DEFENDANTS' OBJECTIONS AND SUMMARY JUDGMENT BRIEFING VIOLATIONS

1

## <u>DECLARATION OF KIMBERLY LEWIS</u>

2   I, Kimberly Lewis, hereby declare as follows:

3       1.    I am a legal assistant with Fulkerson Lotz LLP, which represents

4 Plaintiff Gyrodata in this case. I have been the primary legal assistant assigned to

5 the case from inception.

6       2.    Part of my responsibility in the summary judgment briefing process

7 was to ensure the incorporation of Evidentiary Appendix references to Gyrodata's

8 brief, declarations, and statements uncontroverted facts.

9       3.    To my knowledge, the only changes or corrections made to Gyrodata's

10 briefing, declarations and statements of uncontroverted facts was the incorporation

11 of page number references assigned to each exhibit associated with the Evidentiary

12 Appendix.

13       The foregoing is true and correct and made under penalty of perjury on this

14 the 4th day of June, 2012, at Houston, Texas.

15

16

17                        Kimberly Lewis

18 GYR60.019 86290

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KIMBERLY LEWIS IN SUPPORT OF GYRODATA'S MOTION TO ENFORCE MSJ ORDER AND STRIKE DEFENDANTS' OBJECTIONS AND SUMMARY JUDGMENT BRIEFING VIOLATIONS

# EXHIBIT B

1          UNITED STATES DISTRICT COURT
2             DISTRICT OF CALIFORNIA
3               WESTERN DIVISION

--------------------------------------------
4   GYRODATA INCORPORATED, a Texas
5   Corporation,

                            Plaintiff,
6              -against-
7   ATLANTIC INERTIAL SYSTEMS, INC., a
    California and Delaware Corporation; BAE
8   SYSTEMS, INC., a Delaware corporation; BAE
9   SYSTEMS CONTROLS INC., a Delaware
    corporation; BAE SYSTEMS INFORMATION AND
10  ELECTRONIC SYSTEMS INTEGRATION INC., a
    Delaware corporation and DOES 1 - 10,
11                          Defendants.
12  Case No. V08-07897GHK (FMOx)

--------------------------------------------
13  ATLANTIC INERTIAL SYSTEMS, INC., a
    California and Delaware Corporation,
14                  Counterclaimant,
15             -against-
    GYRODATA INCORPORATION, a Texas
16  Corporation,

                    Counter-Defendant.
17  --------------------------------------------
18
19
20         TRANSCRIPT OF PROCEEDINGS
21            APRIL 11, 2012
22          NEW YORK, NEW YORK
23
24  Job No. 141686
25  PAGES 1 - 84

EXHIBIT
B

Page 1

1

2

3

4

5               TRANSCRIPT OF PROCEEDINGS

6      taken at 1290 Avenue of the Americas,

7      New York, New York, Wednesday, April

8      11, 2012, commencing at 9:32 a.m, befroe

9      Wayne Hock.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 2

```
 1    APPEARANCES:

 2

 3    FOR THE PLAINTIFF:

 4

 5        FULKERSON LOTZ LLP

 6        BY:  TOM FULKERSON, ESQ.

 7             WESLEY G. LOTZ, ESQ.

 8        700 Louisiana Street

 9        Suite 4700

10        Houston, Texas 77002

11        (713) 654-5830

12        tfulkerson@fulkersonlotz.com

13        wlotz@fulkersonlotz.com

14

15    FOR THE DEFENDANT,

16    ATLANTIC INERTIAL SYSTEMS, INC:.

17

18        DYKEMA GOSSETT LLP

19        BY:  CRAIG N. HENTSCHEL, ESQ.

20             S. CHRISTOPHER WINTER, ESQ.

21        333 South Grand Avenue

22        Los Angeles, California 90071

23        (213) 457-1765

24        chentschel@dykema.com

25        kwinter@dykema.com
```

Page 3

1    APPEARANCES: (Continued)

2

3    FOR THE DEFENDANTS, BAE SYSTEMS, INC.

4    BAE SYSTEMS CONTROLS INC. BAE SYSTEMS

5    INFORMATION AND ELECTRONIC SYSTEMS

6    INTEGRATION INC.:

7

8          BUCHANAN INGERSOLL & ROONEY PC

9          BY:   GEORGE BENAUR, ESQ.

10               MARY SUE HENIFIN, ESQ.

11         700 Alexander Park

12         Princeton, New Jersey 08540

13         (609) 987-6816

14         george.benaur@bipc.com

15         mary.henifin@bipc.com

16

17   ALSO PRESENT:

18         RICHARD KELLY

19

20

21

22

23

24

25

Page 4

1        evidentiary appendix, not attached

2        to the depositions.

3                MR. FULKERSON: Yes, I agree.

4                MS. HENIFIN: Because the way

5        it is now we refer to them in the

6        briefing as deposition exhibits but

7        it won't be that way in the final.

8                MR. FULKERSON: In the final

9        it will be EA.  And then when we

10       put together the table, we will say

11       EA 114, deposition Exhibit 12, so

12       they'll have additional references.

13               MR. BENAUR: I had one other

14       issue.  This whole issue of

15       evidentiary objections, so the

16       order says that all necessary

17       evidentiary objections shall be

18       made in the relevant sections of

19       the joint brief.  Presently the way

20       I've seen it done is it's primarily

21       done in the statement of

22       uncontested facts.  I think this is

23       an important point because, you

24       know, for example you guys make an

25       issue out of these negotiations,

Page 77

1   you think it's 408.  We think that

2   it may raise certain

3   privilege-piercing implications and

4   we're taking a look at that and we

5   may raise the issue.

6        What I would suggest is if

7   we're going to go there, whether

8   it's 408, piercing, hearsay on the

9   Bonsick declaration or anything

10  else, that we brief it.

11       MS. HENIFIN: It has to be in

12  the brief and then we'll know we

13  have to oppose in the brief.  But

14  it can't just be raised in the

15  evidentiary appendix because the

16  court has said we will not take

17  account of anything that's

18  addressed in the evidentiary

19  appendix.

20       MR. LOTZ: I think the reason

21  for that is that he doesn't want to

22  have to guess.  If there's a

23  significant inadmissibility issue,

24  then raise it.  Now, that doesn't

25  mean you need to raise it every

Page 78

```
 1              CERTIFICATION BY REPORTER
 2
 3       I, Wayne Hock, a Notary Public of the
 4   State of New York, do hereby certify:
 5       That the within proceeding was held
 6   before me at the aforesaid time and place;
 7       That said proceeding was taken
 8   stenographically by me, then transcribed
 9   under my supervision, and that the within
10   transcript is a true record of the
11   testimony of said proceeding.
12       I further certify that I am not
13   related to any of the parties to this
14   action by blood or marriage, that I am not
15   interested directly or indirectly in the
16   matter in controversy, nor am I in the
17   employ of any of the counsel.
18       IN WITNESS WHEREOF, I have hereunto
19   set my hand this 24th day of April, 2012.
20
21
22
23   _____
         Wayne Hock
24
25
```

Page 84